**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **1:11-cv-00233-JLK**

**RIGHTHAVEN LLC**, a Nevada Limited Liability Company
    Plaintiff,

       v.

**JASON CHRYSTAL**, an individual and
**JUSTUS STEEL**, an individual,
    Defendants.

# ORDER

Plaintiff Righthaven LLC ("Righthaven") has filed fifty-seven cases in this district alleging infringement of its copyright interest in a photograph depicting a Transportation Security Administration Agent performing an enhanced pat-down search at Denver International Airport (the "Work"). The Work was originally published in, and the copyright held by, *The Denver Post*, but at some point following its original publication on November 18, 2010, an interest in the copyright was transferred to Righthaven.

These cases are at various stages. Twenty-one have been voluntarily dismissed; one has been settled and will be voluntarily dismissed on receipt of final payment; three are set for scheduling conferences; motions to dismiss have been filed in seven; twenty-three are awaiting answer; one is stayed incident to a party's bankruptcy filing; and one is set for hearing on a defendant's motion for attorney fees. A recent filing in one of the cases has, however, highlighted an issue common to all of the remaining cases – namely, whether I have subject matter jurisdiction over Righthaven's claims.

It is well settled that Federal courts are courts of limited jurisdiction; I may only hear

those cases which have been entrusted to me under a jurisdictional grant by Congress. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) and *United States v. Nixon*, 418 U.S. 683 (1974)). Although Congress has entrusted federal courts with the statutory authority to entertain a claim of copyright infringement, *see* 28 U.S.C. § 1331, 17 U.S.C. § 501, my exercise of jurisdiction must also be constitutionally proper. Because Righthaven is the party seeking to invoke federal jurisdiction, it bears the burden, when jurisdiction is challenged, of establishing it is both statutorily and constitutionally proper as a matter of law.

Because there are serious questions as to whether my exercise of subject matter jurisdiction over Righthaven's claim of copyright infringement is proper, I think it most prudent to stay the proceedings in all pending cases in this District in which Righthaven is the named Plaintiff. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (the power to stay proceedings is inherent in the power "to control the disposition of the causes on [my] docket with economy of time and effort for [my]self, for counsel, and for litigants" ). Should I find that I lack subject matter jurisdiction over Righthaven's claim of copyright infringement, it is likely that I will be required to dismiss all pending actions. A stay will best conserve the parties' and the Court's resources pending resolution of this fundamental inquiry. Accordingly, this case is STAYED pending my resolution of the Motion to Dismiss in Civil Case Number 1:11-cv-00830.

Dated:  May 19, 2011                                    BY THE COURT:

                                                            **/s/ John L. Kane**
                                                            Senior U.S. District Judge